**UNITED STATES of America,**

v.

**Claude PALMER, Appellant.**

**No. 02–1604.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Dec. 2, 2002.

Decided Jan. 31, 2003.

958

Before ROTH, SMITH, Circuit Judges and CUDAHY,* Circuit Judge.

## OPINION

ROTH, Circuit Judge.

Appellant Claude Palmer, a Jamaican citizen, was indicted in August, 2001, on one count of unlawful reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment stated that Palmer had been deported previously following an earlier conviction for illegal reentry after deportation.[1] Palmer pled guilty and was sentenced, *inter alia*, to a term of imprisonment of 57 months. Palmer now asks us to vacate his sentence on the grounds that it is invalid. Palmer claims that the Dis-

trict Court erred by increasing his guidelines offense level in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because a jury did not determine that Palmer previously was deported after conviction for a drug trafficking felony with a sentence of more than thirteen months.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. This Court exercises plenary review over the application of *Apprendi* to the question of law raised. *See United States v. Williams*, 235 F.3d 858, 861 (3d Cir.2000).

Palmer's base offense level was enhanced 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(i), which mandates such an increase if the defendant previously was deported after a drug trafficking conviction with a sentence of more than thirteen months.[2] Palmer contends that, in order to comply with *Apprendi*, the government must treat the prior convictions set forth in § 2L1.2(b)(1) as elements of the instant offense and prove them beyond a reasonable doubt before enhancing his sentence. He alleges that his sentence thus violated *Apprendi* because the drug conviction used to calculate his 16 level sentencing increase was not charged in the indictment, and therefore only an 8 level increase should have been applied.

■ We find Palmer's contention meritless. Palmer pled guilty to illegal reentry

---

* Honorable Richard D. Cudahy, Circuit Court Judge for the Seventh Circuit, sitting by designation.

1. Palmer was convicted in 1989 of conspiracy to distribute cocaine. He was deported in 1992 following completion of his sentence. He was convicted of illegal reentry after deportation after attempting reentry in or about 1994. He was again deported in 1998 following completion of that sentence. The instant charge stems from an investigation into an alleged robbery in which Palmer was a complainant; investigators discovered that Palmer was in the United States unlawfully.

2. In relevant part, U.S.S.G. § 2L1.2(b)(1) provides:

    If the defendant previously was deported, or unlawfully remained in the United States, after—
    (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months ... increase by 16 levels;
    * * *
    (C) a conviction for an aggravated felony, increase by 8 levels....

following removal subsequent to the commission of an aggravated felony in violation of 8 U.S.C. § 1326. Under 8 U.S.C. § 1326(b)(2), the statutory maximum sentence is twenty years imprisonment. Therefore, *Apprendi* is inapplicable because Palmer's sentence does not exceed the statutory maximum. *See United States v. Williams,* 235 F.3d 858, 862–64 (3d Cir.2000).

Further, even if the indictment to which Palmer pled guilty did not include the fact that he was deported after conviction of an aggravated felony, *Apprendi* would not be implicated because *Apprendi* does not apply to the use of prior convictions to increase a statutory maximum sentence. *See e.g. United States v. Weaver,* 267 F.3d 231, 250–51 (3d Cir.2001). The Supreme Court has held, while addressing 8 U.S.C. § 1326, that the government is not required to allege in an indictment or establish as an element of the offense the existence of an aggravated felony. *See generally Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). In later deciding *Apprendi,* the Supreme Court stated that, while the *Apprendi* holding cast some doubt on the continuing validity of the *Almendarez–Torres* rule, the Court would not disturb that decision. *See Apprendi,* 530 U.S. at 489–90. Thus the exception remains in effect that "no due process violation occurs when prior convictions are used to increase a statutory maximum without being charged in an indictment and proved to a jury beyond a reasonable doubt." *Weaver,* 267 F.3d at 250 (internal citations omitted).

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.